STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Middlebury  }
College and KW Middlebury,  }  Docket Nos. 124-7-99 Vtec,
LLC  }  228-11-99 Vtec and 103-5-
 }  00 Vtec
 }

Decision and Order on Motion for Reconsideration

The above-captioned three appeals were taken by Appellant-Applicants Middlebury College and Robert Karol and Dan Wolf, d/b/a KW Middlebury, LLC, (" Applicants" ) from three successive decisions of the Planning Commission of the Town of Middlebury on the Applicants' successive versions of a proposal to divide a 31-acre property located generally between Middle Road and Creek Road and Route 7, now owned by Middlebury College, and for KW Middlebury to develop a hotel/conference center and an office/apartment building on the 4.1-acre portion of the site fronting on Route 7. The Court held eight days of evidentiary hearings, and issued a Decision and Order on July 24, 2000, on motions at the close of the Applicant' s case.

The July 2000 Order granted in part the Town' s and the Cross Appellant-Interested Parties' motions for judgment at the close of the Applicant' s case, determining that 1) the PUD Master Plan for the 31-acre parcel is inadequate to allow the Court to rule on whether it can be approved; 2) a subdivision application must be ruled on under § 550(III)(f)(2) simultaneously with the PUD application; and 3) the design of the KW Middlebury portion of the project must be submitted to the Design Advisory Committee prior to this Court' s ruling on the adequacy of that design. The July 2000 Order was especially clear in advising the parties that a requirement of a PUD (§ 550(III)(e)) is that " the project shall be an efficient and unified treatment of the development possibilities of the site," and that for this PUD, " the site" means the overall 31-acre parcel, and not simply KW Middlebury' s intended portion of it[1].

Also in the July 2000 Order, the Court ruled that the remaining " key issues" of traffic impact and impact on the downtown could go forward before the Court, if the Applicants wished to do so, while the other issues were being considered by the Planning Commission and the Design Advisory Committee.

The Court has thoroughly reviewed its July 24, 2000 Decision and Order against the issues raised by the Motion for Reconsideration, and declines to change that decision. While the Court appreciates that KW Middlebury wishes to obtain rulings regarding its plans for the 4.1-acre site, without those rulings being linked to the overall development of the 31-acre site, KW Middlebury' s wishes cannot be accommodated within the Zoning Ordinance of the Town of Middlebury. It is entirely possible that a single-building hotel could be built on the 4.1-acre site or whatever other configuration of property ends up emerging from the subdivision proceedings as KW Middlebury' s front parcel. The Court cannot and does not wish to define the Applicants' strategy choices as to the size or shape or corner classification of the parcel it will end up with

for the hotel. But neither can the Court rule on KW Middlebury's design issues in advance of knowing the lot sizes and shapes, road placement or other factors regarding the overall Master Plan for the 31-acre parcel. The sequencing of issues as described in the July 2000 Decision and Order was carefully thought through, and is necessary to the progress of the appeals under the terms of the Middlebury Zoning Ordinance.

If any party intends to seek V.R.C.P. 54(b) designation of any ruling as a partial final order, or intends to request interlocutory appeal or collateral final order appeal of any order, please file the motion as soon as possible so that this matter may proceed. Otherwise, we will hold a telephone conference on June 1, 2001, to determine whether Applicants will request that the hearings be set on the traffic impact and downtown impact " key criteria," or whether Applicants prefer to have these appeals put in inactive status while they address the master plan, subdivision, and design advisory committee issues before the municipal bodies.

Accordingly, Applicant KW Middlebury's Motion for Reconsideration of the July 24, 2000 Decision and Order is DENIED.

Done at Barre, Vermont, this 7th day of May, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

[1.]     KW Middlebury, in footnote 3 at page 3 of its Memorandum filed on April 20, 2001, persists in attempting to define the project before the Court as "the hotel and office building and not the development of the larger parcel." The project before the Court is not so restricted; indeed, the Middlebury Zoning Ordinance does not permit a PUD to be considered in this way. The Planning Commission, and hence this Court, may give a preliminary ruling, or a partial ruling on certain issues, but it may not address only a portion of the proposed PUD.